**No. 28065**

**The People of the State of Colorado v.
Max Romero a/k/a Bugle Romero**

(587 P.2d 789)

Decided December 11, 1978.

Luis A. Lopez, District Attorney, James E. Klodzinski, Assistant, for plaintiff-appellant.

Charles S. Vigil, for defendant-appellee.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

The People appeal from a ruling by the district court dismissing charges against the defendant on the grounds that the speedy trial provisions of Rule 48(b), Colorado Rules of Criminal Procedure, were not complied with. We reverse.

Following an incident in Trinidad, Colorado, on April 15, 1977, the defendant Max Romero was arrested and charged with carrying a concealed weapon in violation of a municipal ordinance. One week later, after further investigation, the defendant was charged with felony menacing, a state offense, and the municipal charges were dropped. A preliminary hearing was held on June 27, at which time the defendant entered a plea of not guilty. The case was set for trial on December 19, 1977.

On the day of trial, after the jury was impaneled, the trial court granted the defendant's motion to dismiss, ruling that the six-month speedy trial period provided for in Crim. P. 48(b) had expired. That rule reads:

"[I]f a defendant is not brought to trial on the issues raised by the complaint, information or indictment *within six months from the entry of a plea of not guilty,* he shall be discharged from custody. . . ." (Emphasis added.)

The rule plainly requires that the defendant be brought to trial within six months of the date upon which he enters a plea of not guilty to the charges set forth in the information. In this case that plea was entered on June 27 at the preliminary hearing. This is standard procedure in Colorado. The trial began on December 19, 1977. There is no question that the defendant was brought to trial within the six-month limit.

The judgment is reversed and the cause remanded with directions to reinstate the information.